**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

December 6, 2005

RE: *Embrex v. Bounds*
    AMD-05-1961
    AMD-05-2629

## **LETTER REPORT AND RECOMMENDATION**

The above two cases have been assigned to me to conduct supplementary proceedings, Paper Nos. 17, 18, respectively. Case no. AMD-05-1961 is a declaratory judgment action; Case no. AMD-05-2629 is a garnishment action. In each, Embrex, Inc. ("Embrex") seeks to enforce a judgment for attorneys' fees and costs that it obtained in the United States District Court Eastern District of North Carolina (Western Division) against Edward G. Bounds, Jr. In case no. AMD-05-2629 Embrex has filed a garnishment action against Servo Systems U.S.A. ("Servo Systems") in an effort to attach funds owed by that company to Mr. Bounds.

Mr. Bounds and Servo Systems filed a motion to dismiss the declaratory judgment action AMD-05-1961, Paper Nos. 5, 6, 10, 11, and a motion to quash the garnishment action, AMD-05-2629, Paper Nos. 12, 13, 14. The motions raise two identical arguments: (1) Embrex's judgment against Mr. Bounds for attorneys' fees rendered by the District Court in North Carolina is neither final, nor enforceable; and (2) this court should abstain from exercising jurisdiction in order to defer to state court garnishment proceedings pending in the Circuit Court for Wicomico County, Maryland.

After the motions were fully briefed,[1] a hearing was held on Tuesday, November 29, 2005. During that hearing, I noted that since both motions were dispositive, I would, pursuant to Federal Rule of Civil Procedure 72(b), make oral proposed findings of fact and conclusions of law and issue an oral Report and Recommendation. I further ordered that an expedited transcript of the Report and Recommendation be prepared, and once it was served on the parties and a copy submitted to my chambers, the ten (10) day period for noting exceptions to my Report and Recommendation would begin.

This letter memorializes the Report and Recommendation issued in court on November 29, 2005. That oral Report and Recommendation is incorporated by reference, however, I have summarized my proposed findings below.

I recommended denial of the motion to dismiss the declaratory judgment action, AMD-05-1961, but recommended that it be stayed during the pendency of the state garnishment action, provided Mr. Bounds and Servo Systems are able to demonstrate that the state proceedings are still viable. I also recommended that the stay order be without prejudice to Embrex being able to move to terminate the stay if it can demonstrate that the state proceedings do not provide them with an adequate opportunity to enforce their judgment.

With respect to the garnishment action, AMD-05-2629, I recommended that Judge Davis rule that the judgment for attorneys' fees rendered against Mr. Bounds by the United States District Court Eastern District of North Carolina (Western Division) is a final judgment and enforceable, but that this court abstain from proceeding in deference to the state court garnishment proceedings, provided Mr. Bounds and Servo Systems can demonstrate that the state proceedings are still viable.

Although informal, this is a Report and Recommendation of the court and shall be docketed

---

[1] AMD-05-1961, Paper Nos. 15 (Response), 18 (Reply), 19 (Reply); AMD-05-2629, Paper No. 20 (Response).

as such.

_____s_____


Paul W. Grimm
United States Magistrate Judge